IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DARLENE SALAZAR, Individually
and as Next Friend of JOHN DAVID
SALAZAR and GABRIEL SALAZAR,**

      **Plaintiffs,**

**vs.**                                                                                   **No. CIV 99-0807 LCS**

**STEVE MARQUEZ, DONALD CASAUS,
Individually and in Their Official Capacity,
and THE CITY OF LAS VEGAS,**

      **Defendants.**

<u>**MEMORANDUM OPINION**</u>

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. 36), filed on October 10, 2000. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the submissions of counsel, relevant law, and being otherwise fully advised, finds that this Motion is well-taken in part and should be **GRANTED IN PART AND DENIED IN PART**.

**I.**      **Background**

The following statement of fact is set forth in the light most favorable to Plaintiffs, with all reasonable inferences from the record drawn in their favor. *See Clanton v. Cooper*, 129 F.3d 1147, 1150 (10th Cir.1997). On May 5, 1997, at about 6:00 p.m., fifteen-year-old John Salazar and thirteen-year-old Gabriel Salazar (Salazar boys) left their home on Montezuma Street in Las Vegas,

New Mexico to go to a park. (Compl. ¶ 9.) Shortly before 7:00 p.m., the Salazar boys returned home and told their mother, Darlene Salazar (Ms. Salazar), that they had been in an argument with another boy and the other boy's father. (Compl. ¶10.) Ms. Salazar put her boys in the family van and started driving toward the park to find out what had transpired. (Compl. ¶ 11.) Near the corner of Montezuma and Valley Streets, Ms. Salazar saw a police car coming toward her house. (Compl. ¶ 12.) Ms. Salazar turned around and drove back to her driveway. (*Id*).

According to an expert report attached to Plaintiffs' Response as Exhibit 1, Defendant Officers Steve Marquez and Donald Casaus had responded to a report of an altercation at the park. (Pl. Ex. 1.) Julian Coca, a boy who had been involved in the altercation, told Defendants that the Salazar boys and David Trujillo had "jumped him." (*Id.*) An adult male witness stated that the Salazar boys and Trujillo had been picking a fight with Coca and that when the witness told them to stop, the three boys "stood up to him and threatened to hit him." (*Id.*) The witness further stated that the subjects had left with another adult male in pursuit. (*Id.*)

According to Plaintiffs' Exhibit 1, as Defendant Marquez was transporting Coca home, Coca informed him that the Salazar boys lived next door to him. (Pl. Ex. 1.) Upon arriving at Coca's house on Montezuma Street, Defendant Marquez observed a red van pulling up to a near-by residence. (*Id.*) Coca identified the residence as the Salazar home. (*Id.*) Defendant Marquez approached the van, and advised Ms. Salazar that her sons had been involved a fight. (Pl. Ex. 1.)

A physical altercation ensued between Plaintiffs and Defendants. (Compl.¶¶ 14-17; Pl. Ex. 1.) Plaintiffs allege that Defendant Marquez shouted at them, physically attacked John Salazar, choked him, and poked his eyes. (Compl.¶ 14.) Plaintiffs allege that Defendant Casaus "pulled out his mace with the intent of macing John Salazar," pushed Ms. Salazar with both hands, and told her

2

"Stay away, or I will shoot." (Compl.¶¶ 14, 15.) Plaintiffs additionally allege that John Salazar was thrown to the ground, hitting his head on the pavement and the car, that when Gabriel Salazar stated "don't take my brother" he was arrested and both boys placed in a police car. (Compl.¶¶ 16-18.) Plaintiffs allege that John Salazar was further beaten and hit in the face with the mace can in the police car. (Compl.¶ 18.)

Defendants have not submitted an admissible evidence to refute the allegations of the Complaint. Plaintiffs admit that both Salazar boys shouted at Defendant Marquez. (Pls.' Uncontroverted Facts ¶¶ 3, 4.) John Salazar got into a fighting stance, yelled an obscenity at Marquez, and tried to evade both Marquez and Casaus. (Pls.' Uncontroverted Facts ¶¶ 5-7.)

The Salazar boys were taken to the hospital and then to the Las Vegas Police Department. (Compl.¶ 20.) From there, they were transported to the Juvenile Detention Center in Santa Fe, where they were detained until they appeared in court and were released to Ms. Salazar on May 9, 2000. (*Id.*)

John Salazar was charged with assault and battery on Julian Coca, two counts of assault on a peace officer, two counts of battery upon a police officer and one count of resisting an officer. (Def. Ex. L.) Gabriel Salazar was charged with assault and battery of Julian Coca. (*Id.*) Gabriel Salazar may have been charged with additional counts, but only the first page of his Delinquency Petition was included in Defendant's Exhibit L. (*Id.*) Both John Salazar and Gabriel Salazar pleaded guilty to one count each of assault on Juan Coca. (*Id.*) The record contains no indication that Ms. Salazar was arrested or charged.

Plaintiffs brought this action under 42 U.S.C § 1983, alleging violation of the Salazar boys' Fourth Amendment right to be free from unlawful arrest and detention and violation of all three

Plaintiffs' Fourth, Fifth and Eighth Amendment rights to be free from excessive force against the individual defendants and municipal liability against the City of Las Vegas. (Compl. ¶¶ 24-27.) Plaintiffs additionally allege supplemental claims under state law for trespass, assault and battery. (Compl. ¶¶ 21-23.)

Specifically, in Count One, Plaintiffs allege state claims for assault and battery. In Count Two, Plaintiffs allege a state claim for trespass. In Count Three, Plaintiffs allege that the Salazar boys are entitled to damages under § 1983 because their arrests violated their rights under the Fourth Amendment. In Count Four, Plaintiffs allege that they are entitled to damages under § 1983 because the actions of Defendants constituted excessive force in violation of the Fourth, Fifth and Eight Amendment. In Count Five, Plaintiffs allege that the Salazar boys are entitled to damages under § 1983 because their detention violated their rights under the Fourth Amendment. In Count Six, Plaintiffs allege municipal liability. In Count Seven, Plaintiffs allege a claim for compensatory damages. In Count Eight, Plaintiffs allege a claim for punitive damages.

Defendants argue that summary judgment should be granted in their favor and against Plaintiff because the Salazar boys' convictions negate the wrongful arrest, trespass, assault and battery claims, and that the excessive force claims are barred because Plaintiffs suffered only *de minimis* injuries and excessive force was not used. Defendants further assert that Plaintiffs' tort claim notice was untimely under the New Mexico Tort Claims Act.

## II.     Motions to Strike

In their Opposition to Defendants' Summary Judgment Motion, Plaintiffs move to strike Defendants' Exhibits A-1 (police and juvenile detention reports), F (hospital report), H (Dr.

4

Caldwell's report) and I (Dr. Diskant's report) for failure to comply with FED. R. CIV. P 56. While Defendants have not contested this argument in their Reply, they do assert that Plaintiff's Exhibit 5 (expert's report) should not be considered because it is not sworn, and does not fall within any applicable hearsay exception. (Reply in Supp. of Mot. for Summ. J. at 6-7.)

Rule 56 provides that a court must consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . ." *See* FED. R. CIV. P. 56 (c). Only admissible evidence may be considered by a court when ruling on a motion for summary judgment. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F. 2d 1467, 1474 (10th Cir. 1985). To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. *See IBP, Inc. v. Mercantile Bank of Topeka*, 6 F. Supp. 2d 1258, 1263 (D. Kan. 1998); 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2722 at 384 (3d ed.1998). Any affidavits submitted under Rule 56(e) must be based on personal knowledge, set forth such facts as would be admissible in evidence, and affirmatively show that the affiant is competent to testify as to the subject matter. *See* FED. R. CIV. P. 56 (e). Materials that do not measure up to the standards of Rule 56 are subject to a motion to strike. *See Noblett v. General Elec. Credit Corp.*, 400 F. 2d 442, 445 (10th Cir.1968).

Defendants have submitted police and juvenile detention reports concerning the incident, (Def. Ex. A-1), and medical records and reports that are not supported by affidavits or authenticated. (Def. Exs. F, H and I.) Similarly, Plaintiffs have submitted an unsupported and unsworn expert's report. (Pl. Ex. 5.) None of these materials has been authenticated by nor attached to affidavits and there has been no showing as to admissibility. Although Defendants contend that Plaintiffs relied on the

5

medical records in responses to interrogatories, Dr. Diskant's report derives from a formal IME and the police report would be admissible at trial under FED. R. EVID 803(6), these factors do not satisfy the requirements of Rule 56.

Under Rule 56, reports and records which have not been authenticated are not admissible on summary judgment. *See Rill v. Trautman*, 950 F. Supp. 268, 269 (E.D. Mo. 1996). Although such deficiencies are subject to waiver, both Plaintiffs and Defendants have timely objected to these exhibits. *See Michigan State Podiatry Ass'n v. Blue Cross & Blue Shield of Michigan*, 681 F. Supp. 1239, 1243 (E.D.Mich. 1987). Because they do not comply with the requirements of Rule 56, and the opposing parties have raised timely objections, Defendants' Exhibits A-1, F, H and I, and Plaintiffs' Exhibit 5 will not be considered by the Court in the summary judgment determination.

Many of the remaining exhibits also fail to comply with Rule 56. However, if not challenged by the opposing party, unauthenticated or otherwise inadmissible evidence may be considered by the Court. *See H. Sand & Co. v. Airtemp Corp.*, 934 F. 2d 450, 454 (2d Cir. 1991). Because the parties have not challenged any of the remaining exhibits, the Court will consider all exhibits except for Defendants' Exhibits A-1, F, H and I, and Plaintiffs' Exhibit 5.

**III.    Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in

the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F. 3d 1193, 1201 (10th Cir. 1999).

**IV.    Analysis**

Defendants argue that Plaintiffs' §1983 wrongful arrest and detention claims and state law claims for assault, battery and trespass are barred because the Salazar boys pleaded guilty to assault on Julian Coca. In Counts Three and Five, Plaintiffs allege that the arrests and detention of the Salazar boys violated the Fourth Amendment. In Counts One and Two, all three Plaintiffs allege state law claims for assault, battery and trespass.

In order to recover damages for an allegedly unconstitutional arrest, a §1983 plaintiff must show that a conviction arising out of the charges has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512

U.S. 477, 486-88 (1994); *Martinez v. City of Albuquerque*, 184 F. 3d 1123, 1124 (10th Cir. 1999); *Smithhart v. Towery*, 79 F. 3d 951, 952 (9th Cir. 1996); *Cameron v. Fogarty*, 806 F. 2d 380, 388-89 (2d Cir.1986); *see also Howard v. Dickerson*, 34 F. 3d 978, 981 n. 2 (10th Cir.1994) (dicta). Defendants have submitted documents establishing that the Salazar boys pleaded guilty to one count each of assaulting Juan Coca on May 5, 1997. (Def. Ex. L.)  Plaintiffs have not objected to these documents and have not argued that the convictions have been invalidated.  The subsequent convictions establish that Defendants had probable cause to arrest the Salazar boys on May 5, 1997. *See Martinez v. City of Albuquerque*, 184 F. 3d at 1124.  Because Defendants had probable cause to arrest the Salazar boys, they had a right to be on Plaintiffs' property. *See Romero v. Sanchez*, 119 N.M. 690, 693, 895 P.2d 212, 215 (1995).  Accordingly, Defendants are not liable for Plaintiffs' trespass claims as a matter of law. *See id.*

Defendants have met their burden of establishing that they had probable cause to arrest the Salazar boys and that they had a right to be on the Salazar land.  Once Defendants satisfied their initial burden, in order to resist summary judgment, Plaintiffs were required to set forth specific facts showing there is a genuine issue for trial as to a dispositive matter. *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586.  This they failed to do.  Thus, Defendants are entitled to summary judgment on Plaintiffs' §1983 wrongful arrest and detention claims and the state law claim for trespass.  Summary judgment will be granted in favor of Defendants and against Plaintiffs on Counts Two, Three and Five.

Defendants carry this argument too far, however, in asserting that summary judgment should be granted on all three Plaintiffs' assault and battery claims merely because they were authorized to arrest the Salazar boys.  This argument is flawed for at least two reasons.  First, the New Mexico

8

Court of Appeals has explained that "[a]n officer in making an arrest is privileged by statute to use only that force which is necessary to restrain the arrested person . . . . If more than necessary force is used, then the officer commits an unprivileged assault on the arrested person." *State v. Kraul*, 90 N.M. 314, 318, 563 P.2d 108,112 (Ct. App. 1977); *State v. Gonzales*, 97 N.M.610, 642 P.2d 210, 213 (Ct. App.1982) (*quoting Mead v. O'Connor*, 66 N.M.170, 344 P.2d 478, 479 (1959) (officer privileged to use reasonable force)). The record as presently developed does not establish that the force used was necessary as a matter of law. As the record now stands, the facts surrounding the arrests of the Salazar boys and the degree of force used are disputed.

Second, summary judgment would not be appropriate on this ground because Defendants were not privileged to use force to restrain Ms. Salazar, because they have not asserted that they had probable cause to arrest her. Under these circumstances, Defendants are not entitled to summary judgment on Plaintiffs' assault and battery claims by virtue of the Salazar boys' guilty pleas.

In a footnote, Defendants assert that Plaintiffs' state law claims should be dismissed because they failed to give timely notice as required by the New Mexico Tort Claims Act. *See* NMSA § 41-4-16 (written notice required within ninety days after incident). In support of this footnote, Defendants submit Exhibit M, a document entitled "Tort Claim Notice" that states the claimants are Gabriel Salazar and John David Salazar. (Def. Ex. M.) The notice is received stamped October 7, 1997. (Def. Ex. M.) Other than citing to the statute, Defendants make no other legal arguments in support of this issue.

In response, Plaintiffs argue that the ninety day requirement does not apply automatically to minors, Defendants had actual notice of the incident, and the cause of action did not accrue until the boys pleaded guilty. Minor children may be unable to comply with the notice requirement and

9

disputed questions of fact often preclude summary judgment on this basis. *See Rider v. Albuquerque Public Schools*, 122 N.M. 237, 241, 923 P. 2d 604, 607 (Ct. App. 1996). Based on the record as presently developed, summary judgment would not be appropriate with respect to the Salazar boys due to their status as minors. *See Erwin v. Santa Fe*, 115 N.M. 596, 599, 855 P.2d 1060, 1063 (Ct. App. 1993).

The same considerations do not apply to Ms. Salazar because she is not a minor. Strict compliance with the notice requirements may be excused where the defendants have actual knowledge of their potential liability and a reasonable inference of the likelihood of suit may arise. *See Lopez v. State*, 122 N.M. 611, 930 P.2d 146 (1996). There is no indication that Defendants had actual knowledge of any potential liability to Ms. Salazar, or that her claim did not accrue until the boys' pleaded guilty. Ms. Salazar has made no showing that she gave notice of her claim as required by NMSA § 41-4-16. Therefore, Defendants' should be granted summary judgment on Ms. Salazar's claims for assault and battery for failure to give notice under the New Mexico Tort Claims Act.

Defendants next contend that summary judgment should be granted on the excessive force claims. Probable cause to arrest the Salazar boys is not carte blanche to use excessive force in effectuating the arrest. *See Martinez v. City of Albuquerque*, 184 F. 3d 1123, 1124 (10th Cir. 1999). As a preliminary matter, it is important to identify Plaintiffs' excessive force claims. In Count Four, all three Plaintiffs allege "excessive force in violation of the Fourth, Fifth and Eighth Amendments." The Fifth Amendment due process clause only protects against due process violations caused by the federal government. *See Public Utilities Comm'n v. Polak*, 343 U.S. 451, 461 (1952); *Gomez v. North Dakota Rural Development Corporation*, 704 F. 2d 1056, 1058 (8th Cir. 1983). Plaintiffs have not alleged that the federal government was involved with the incidents that are the subject of

the Complaint. Therefore, the Fifth Amendment is not applicable to their excessive force claims.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment applies only to convicted inmates. *See Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F. 3d 1313, 1320 (10th Cir.1998). The facts alleged in the Complaint do not implicate the Eighth Amendment. Thus, of the constitutional bases alleged, only the Fourth Amendment would apply to Plaintiffs' excessive force claims.

Defendants argue that they are entitled to summary judgment on the excessive force claims because it was reasonable for the officers to use force to protect themselves and effect the arrests and because Plaintiffs' injuries were *de minimis*. The severity of a plaintiff's injuries is not dispositive because physical injury is not a prerequisite to a Fourth Amendment excessive force claim. *See Petta v. Rivera*, 143 F. 3d 895, 905 (5th Cir. 1998) ("'police officer who terrorizes a civilian by brandishing a cocked gun in front of that civilian's face may not cause physical injury, but he has certainly laid the building blocks for a section 1983 claim against him.'") While it is true that a "de minimis use of physical force" ordinarily will not support an excessive force claim in the detention context under the Eighth or Fourteenth Amendments, *see Hudson v. McMillian*, 503 U.S. 1, 9-11 (1992) (convicted prisoners); *Meade v. Grubbs*, 841 F. 2d 1512, 1526-27 (10th Cir. 1988) (pretrial detainees), Defendants have failed to cite authorities applying this analysis to excessive force claims occurring outside a prison or detention facility. Moreover, the admissible evidence of record indicates that the Salazar boys' injuries may have more than *de minimis*. (Def. Ex. A, B.) Summary judgment is therefore not appropriate on the ground of the severity of Plaintiffs; injuries.

In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court held "that all claims that law

11

enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id*. at 395. In evaluating an excessive force claim, the issue is whether the arresting officers' actions were objectively reasonable.[1] *See Latta v. Keryte*, 118 F. 3d 693, 701 (10th Cir. 1997). It is well established that the right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396.

The Fourth Amendment excessive force inquiry considers whether the plaintiff was resisting arrest, whether the plaintiff posed an immediate threat and the severity of the crime. *See Wilson v. Meeks*, 52 F. 3d 1547, 1553 (10th Cir. 1995). To determine whether the force used is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake. *See id.*; *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). The reasonableness of the amount of force used must be judged from the perspective of a reasonable officer on the scene, not with the 20/20 vision of hindsight. *See Graham v. Connor*, 490 U.S. at 397. The reasonableness inquiry is an objective one. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular

---

[1] Although not raised by the parties, the Fourth Amendment may be inapplicable to Ms. Salazar's excessive force claim because it does not appear from the record that she was seized. *See Bella v. Chamberlain*, 24 F. 3d 1251, 1255 (10th Cir. 1994).

12

situation." *Graham*, 490 U.S. at 396-97.

In this case, the facts as to exact circumstances of the altercation and the degree of force used are disputed. Defendants have failed to properly support their Motion for Summary Judgment in this regard and have failed to meet their burden with respect to Plaintiffs' excessive force claims. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Thus, Defendants' Motion for Summary Judgment should be denied with respect to Plaintiffs' excessive force claims.

**V.    Conclusion.**

Upon review of the evidence presented on this Motion for Summary Judgment, the Court has determined that summary judgment shall be granted in favor of Defendants and against Plaintiffs with respect to Plaintiffs' claims under 42 U.S.C. § 1983 for wrongful arrest and detention and state law claim for trespass. Defendants are entitled to summary judgment on Ms. Salazar's assault and battery claim for failure to give timely notice under the New Mexico Tort Claims Act, but not as to the assault and battery claims of the Salazar boys due to their status as minors. Based on the record as presently developed and the arguments advanced, Defendants have failed to meet their burden, and summary judgment will be denied, on Plaintiffs' §1983 Fourth Amendment excessive force claims. Accordingly, Defendants' Motion for Summary Judgment (Doc.36), filed on October 10, 2000, shall be **GRANTED IN PART AND DENIED IN PART.**

**AN ORDER CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

13